IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JOHN A. MULVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:14-cv-01835 |
| vs. ) | |
| ) | JUDGE SHARP |
| THOMAS E. PEREZ, Secretary of ) | |
| Labor; United States Department of ) | |
| Labor, ) | |
| ) | MAGISTRATE BRYANT |
| Defendants. ) | JURY DEMANDED |

**RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Comes now the plaintiff, John A. Mulvey, by and through undersigned counsel, and in response to the pending Partial Motion to Dismiss and would state unto the Court as follows:

**FACTS**

Plaintiff John A. Mulvey was employed by the Department of Labor as a paralegal specialist on April 13, 1999. As a paralegal specialist, Plaintiff's duties included reviewing Federal Black Lung claims, and work under the Longshore Harbor Workers Compensation Act claims and cases arising under the Mine Safety and Health Act (MSHA) cases.

Plaintiff is an individual with permanent medical conditions for which he was undergoing medical care and treatment throughout the relevant time period.

On or about August 10, 2011, Plaintiff gave testimony pertaining to a sexual harassment investigation involving a Department of Labor Attorney, Thomas A. Grooms, to DOL Atlanta Investigator, Charles Collins, Jr. Thereafter, a pattern of harassing conduct began from the employer, to include but not limited to: refusing to pay Plaintiff overtime, giving Plaintiff an unwarranted poor evaluation, refusing to allow Plaintiff to provide a rebuttal to the poor evaluation, placing Plaintiff on a vague Performance improvement plan (PIP) but refusing to discuss the specifics of such with Plaintiff, suspending Plaintiff for five (5) days, refusing to read Plaintiff's e-mails, refusing to discuss a complex case with Plaintiff, and Plaintiff's supervisor making false accusations about Plaintiff.

On or about May 17, 2012, Plaintiff sought reasonable accommodation from Ball in the form of moving to another office upon the departure of another employee from said office. Plaintiff requested this office as it was becoming vacant, and was quieter as compared to the high volume of traffic Plaintiff was constantly subjected to. Initially Ball ignored the request, but later Ball denied the request.

Previously, another employee had been allowed to change offices to accommodate her medical needs.

On June 9, 2012, Plaintiff submitted a request for

reasonable accommodations. On June 15, 2012, Ball came to Plaintiff's office, and stood in the doorway with his office door open and began addressing Plaintiff's physical disabilities and requested accommodations for all to hear. Ball repeatedly refused to engage n the interactive process with Plaintiff regarding his request seeking reasonable accommodations.

**STANDARDS APPLICABLE TO MOTION TO DISMISS**

Federal Rule of Civil Procedure 12 (b)(6) allows district courts t dismiss a complaint which fails "to state a claim upon which relief may be granted". ***In Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)***, the Supreme Court attempted to clarify the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion, finding that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions , and a formulaic recitation of the elements of a cause of action. However, the Court went on to clarify that a complaint need not contain detailed factual allegations but must be enough to raise a right to relief above the speculative level. The Sixth Circuit has held that although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. ***League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir.***

*2007)*.

   1. **FMLA Claim**

Plaintiff was at the relevant time an employee of the United States Department of labor as a paralegal specialist. While so employed, Plaintiff has permanent medical conditions for which he was undergoing medical care and treatment. As a federal employee, Plaintiff's rights under the Family and Medical Leave Act are found under Title II of the FMLA. 5 U.S.C. § 6381-6387. However, as hereinbelow stated the there is still recourse in this Court.

   A.  **The Little Tucker Act Provides this Court With Subject Matter Jurisdiction, 28 U.S.C.§ 1346(a)(2)**

The Little Tucker Act provides that "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims," of a "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). The Little Tucker Act does not "'creat[e] substantive rights,' but '[is] simply [a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law.'" *United States v. Bormes*, 133 S. Ct. 12, 16-17, 184 L. Ed. 2d 317 (2012) (first

alteration in original) (*quoting United States v. Navajo Nation*, 556 U.S. 287,(2009)). Thus, the Little Tucker Act does not provide a private right of action, but merely waives sovereign immunity. *Stew Farm v. Natural Res. Conservation Serv.*, 767 F.3d 554 (2014). The Department's own regulations and policy essentially provides the vehicle for Plaintiff to pursue his right of action seeking redress before this Court. To this extent, Plaintiff seeks front pay, appropriate step increase, to delete all negative or adverse information from Department of Labor and its components, and any other agency other than OPM, after completion of this entire case pending before the Court, and other expenses, including attorney fees, and other nominal amounts under $10,000 that the Court deems just.

2. **FSLA Claim**

Plaintiff does not assert a claim for relief under the Fair Labor Standards Act. Defendant's violations of the FLSA are merely part of the pattern of retaliation Plaintiff has suffered and is background for such conduct.

WHEREFORE PREMISES CONSIDERED, the plaintiff submits that the Partial Motion to Dismiss should be DENIED as to the FMLA claim.

Respectfully submitted:

```
                              /s/Debra A. Wall
                        DEBRA A. WALL, BPR #11331
                        Attorney for Plaintiff
                        133 Franklin Street
                        Clarksville, Tennessee 37040
                        telephone: (931)906-3904
                        facsimile: (931)906-3908
                        email: debraawall@msn.com
```

**CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing is being forwarded via CM/ECF to:

> Mercedes C. Maynor-Faulcon
> Assistant U. S. Attorney
> 110 9th Ave. S Ste A-961
> Nashville, Tennessee 37203-3870

on this the 22nd day of December, 2014.

```
                         s/Debra A. Wall

                        Debra A. Wall
```