# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOHN A. MULVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:14-cv-01835 |
| vs. ) | |
| ) | JUDGE SHARP |
| THOMAS E. PEREZ, Secretary of ) | |
| Labor; United States Department of ) | |
| Labor, ) | |
| ) | MAGISTRATE BRYANT |
| Defendants. ) | JURY DEMANDED |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d) the following Initial Case Management Plan is adopted:

1. **Jurisdiction.** Plaintiff JOHN A. MULVEY brings this cause of action pursuant to Title VII of the Civil Rights Acts of 1964, as amended (42 U.S.C. Section 2000(e) *et seq*.), for retaliation; the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., for disability discrimination, harassment, hostile work environment, and retaliation; the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §2601, et seq.; and the Privacy Act of 1974, 5 U.S.C. §552 (a) et seq. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331, 1343 and is in dispute.

2. **Plaintiff's Theory.**

   Plaintiff gave testimony pertaining in a sexual harassment

1

investigation involving a Department of Labor Attorney. Thereafter, Plaintiff suffered retaliation when *he received* a performance evaluation wherein he was rated as only "minimally satisfactory for FY 2011", he was terminated from working on the MSHA Backlog Project, he was accused multiple times of false accusations, he was placed on a Performance Improvement Plan (PIP), he was suspended for five days, refused to pay Plaintiff overtime he earned, Plaintiff's e-mails were deleted without being read, Plaintiff's messages were not answered, refusal to discuss a complex file with Plaintiff, sending Plaintiff's medical condition and medical records to those who did not have a need to know of such issues, placing Plaintiff's confidential information in the office where others could read such, requiring Plaintiff to notify others in the office of with detailed information of why he needed to be away form the office for EEO matters.

Plaintiff is an individual with permanent medical conditions for which he was undergoing medical care and treatment throughout the relevant time period. Plaintiff alleges that he was discriminated against because of his disabilities. Plaintiff sought and was denied accommodation for his conditions. Defendant's actions violated the Privacy Act, and the Family Medical Leave Act. Plaintiff seeks lost wages, compensatory damages for emotional distress, embarrassment, mental anguish,

and loss of enjoyment of life, civil penalties, attorney fees and costs.

**3.   Defendant's Theory.**

With regard to Complainant's allegations in that he was discriminated against by being retaliated against and/or subjected to a hostile work environment on the basis of his gender, age, disability, and retaliation, Defendant denies all of those claims. Defendant had legitimate, non-discriminatory reason for its actions towards him and Plaintiff cannot show that Defendant's actions were a pretext for discrimination. Additionally, Plaintiff has failed to identify a materially adverse employment action that he experienced during his employment with Defendant.

Defendant denies that it failed to participate in the interactive process or that Plaintiff was denied a reasonable accommodation. Defendant complied with the steps of the Department's reasonable accommodation policy and only denied Plaintiff's three requests that were not supported by medical documentation. While Plaintiff exercised his right to appeal the reasonable accommodation decision to his second-level supervisor, by the time a decision was reached Plaintiff was voluntarily on approved sick leave status by the time that process ran its course.

Defendant denies that it has created a hostile environment

3

based on age, gender, disability, or prior EEO activity, and nothing occurred that was severe or pervasive enough to rise to the level of an actionable hostile environment. Further, Plaintiff never complained to his supervisor or any other management official that he was subjected to a hostile work environment during the time he allegedly experienced these actions. Further, Defendant denies any intentional wrongdoing under the Privacy Act and Defendant denies that Plaintiff has a right to seek relief under the Family Medical Leave Act before this Court.

**4.     Identification of the issues.**
   a.   Plaintiff's claims of race discrimination and retaliation.
   b.   Plaintiff's claims of disability discrimination and retaliation.
   c.   Plaintiff's claims for damages.
   d.   Whether Plaintiff has mitigated his damages.

**5.     Motions under Rules 13-15, 17-21 and Rule 23 of the Federal Rules of Civil Procedure**

Any motion to amend the pleadings or join parties shall be filed in accordance with The Federal Rules of Civil Procedure Rule 15.

**6.     Initial Disclosure and Staging of Discovery**

The parties shall make their Rule 26(a)(1) disclosures

within thirty (30) days from the initial case management conference.

All discovery shall be completed by the close of business on **September 1, 2015.** All discovery related statements shall be filed by the close of business on **September 15, 2015.**

**Expert discovery:**

The parties do not anticipate using expert witnesses in this action.

7. **Any Issues Related to the Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced**

The parties will follow the Court's Standing Order for discoverable electronic information and submits the following in accordance thereof:

## ADMINISTRATIVE ORDER

**1. Introduction.** The court expects the parties to cooperatively reach agreement on how to conduct e-discovery. In the event that such agreement has not been reached by the time of the Rule 16[1] initial case management conference, the following default standards shall apply until such time, if ever, the parties reach agreement and conduct e-discovery on a consensual basis.

**2. Discovery conference.** At or before the Rule 26(f) conference (which is to be held at least 21 days before the initial case management conference), the parties shall exchange and discuss the following information:

a.  A list of the most likely custodians of relevant electronically stored information ("identified custodians"), including a brief description of each person's title and responsibilities.

b.  A list of each relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization, and formats employed in each system. The parties shall also include other pertinent information about their electronically stored information and whether that electronically stored information is of limited accessibility. Electronically stored information of limited accessibility may include that created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost.

c.  The name of the individual designated by a party as being most knowledgeable regarding that party's electronic document retention policies ("the retention coordinator"), as well as a general description of the party's electronic document retention policies for the systems identified above.

---

[1] All references to "Rules" herein are to the Federal Rules of Civil Procedure.

d. The name of the individual who shall serve as that party's "e-discovery coordinator" (see ¶ 3).

e. Notice of any problems reasonably anticipated to arise in connection with e-discovery.

To the extent that the state of the pleadings does not permit a meaningful discussion of the above by the time of the initial case management conference, the parties shall either agree on a date by which this information will be mutually exchanged or be prepared to discuss the issues with the court at the initial case management conference.

3. E-discovery coordinator. In order to promote communication and cooperation between the parties, each party to a case shall designate a single individual through whom all e-discovery requests and responses are coordinated ("the e-discovery coordinator"). Regardless of whether the e-discovery coordinator is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

a. Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

b. Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues.

c. Prepared to participate in e-discovery dispute resolutions.

The court notes that, at all times, the parties and their attorneys of record shall be responsible for responding to e-discovery requests. However, the e-discovery coordinators shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

4. Timing of e-discovery. Discovery of relevant electronically stored information shall proceed in a sequenced fashion. After receiving requests for document production, the parties shall search their documents, other than those identified as not reasonably accessible because of undue burden or cost, and produce, subject to any objections appropriate under the Federal Rules of Civil Procedure, relevant responsive electronically stored information.

5. Search methodology. If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronically stored information. The parties shall use their best efforts to reach agreement as to the method of searching and the words, terms, and phrases to be searched with the assistance of the respective e-discovery coordinators, who are charged with familiarity with the parties'

respective systems. The parties also shall use their best efforts to reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

6. **Format.** If, during the course of the Rule 26(f) conference, the parties cannot agree to the format for document production, electronically stored information shall be produced to the requesting party as image files (e.g., PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronically stored information in its native format.

7. **Retention.** At or before the Rule 26(f) conference, the parties shall attempt to reach an agreement that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronically stored information. In order to avoid later accusations of spoliation, a Rule 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

a. Take steps to ensure that relevant e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that relevant electronically stored information maintained by the individual custodians shall not be altered.

b. Provide notice of the criteria used for spam and/or virus filtering of e-mail and attachments. E-mails and attachments filtered out by such systems shall be deemed non-responsive, so long as the criteria underlying the filtering are reasonable.

Within seven (7) days of designating the identified custodians, the retention coordinators shall implement the above procedures.

8. **Privilege.** Electronically stored information that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced, or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Rule 26(b)(5)(B) shall apply.

9. **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court may apportion the costs of electronic discovery upon a showing of good cause.

19. **Court Order.** Nothing herein limits the authority of a Judge to issue an e-discovery order on other terms and conditions. This Administrative Order may be amended, in whole or in part, by further Order of the Court.

It is so **ORDERED.**

_____
TODD J. CAMPBELL
Chief United States District Judge

_____
ALETA A. TRAUGER
United States District Judge

_____
WILLIAM J. HAYNES, JR.
United States District Judge

**8. Dispositive Motions**

All dispositive motions shall be filed by the close of business on **November 1, 2015,** and any response thereto shall be filed by the close of business on **December 1, 2015.** Any reply shall be filed by the close of business on **December 15, 2015.** If the dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

**9. Other deadlines:**

none anticipated.

**10. Subsequent case management conferences:**

A subsequent case management conference shall be held on _____ by telephone with counsel for Plaintiff initiating the telephone call.

**11. Alternate dispute resolution**

At the time of the subsequent case management conference the parties will report to the Court if they wish to conduct alternate dispute resolution.

**12. Target trial date:**

This matter shall be set for trial by jury with an estimated

length of trial of three days. The parties request a target trial date after **April 15, 2016**.

It is so **ORDERED**.

**ENTERED** this the _____ day of _____ 2014.

                                       S/_____
                                       JOHN BRYANT
                                       United States Magistrate Judge

**APPROVED FOR ENTRY:**


*/s/Debra A. Wall*
Debra A. Wall, B.P.R. #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, Tennessee 37040
Telephone (931) 906-3904
Facsimile (931) 906-3908
e-mail debraawall@msn.com


*/s/Mercedes C. Maynor-Faulcon*
Mercedes C. Maynor-Faulcon
Assistant U. S. Attorney
110 9th Ave. S Ste A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

11