UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN A. MULVEY, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) Civil No. 3:14-cv-1835 ) Judge Sharp ) |
| THOMAS E. PEREZ, Secretary, Department of Labor, | ) ) ) ) |
|     Defendant. | ) |

## **MEMORANDUM**

Plaintiff John A. Mulvey brings claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. (See Docket No. 1.) Defendant Thomas E. Perez has filed a partial motion to dismiss (Docket Nos. 8, 9) these claims.

The Court will GRANT the motion to dismiss.

## **BACKGROUND**

The Complaint sets out the following facts. Plaintiff began working as a paralegal specialist for the Department of Labor ("DOL") in 1999. His duties included reviewing claims under the Federal Black Lung Act, the Longshore Harbor Workers Compensation Act, and the Mine Safety and Health Act ("MSHA"). Plaintiff has permanent medical conditions that occasionally cause him to miss work. Nevertheless, his work evaluations were generally excellent.

1

In August 2011, Plaintiff was a witness in a DOL sexual-harassment investigation involving attorney Thomas A. Grooms. Plaintiff had worked with Grooms before, most recently on an MSHA project. By all accounts, Plaintiff's contribution to the MSHA project was outstanding: DOL attorneys had sent him a congratulatory email from DOL's Regional Solicitor, prepared a Special Award memorandum, and promised him a $300 bonus.

After Plaintiff testified against Grooms, Plaintiff's supervisors refused to pay him for more than $3,000 worth of overtime work on the MSHA project. Plaintiff filed suit against the Secretary of Labor to recover the wages. That case was resolved for $10,500.

Plaintiff went on medical leave in October 2011. On October 6, 2011, Plaintiff received a package from his superiors at the Department of Labor. Inside was a performance evaluation that rated Plaintiff's work "minimally satisfactory for FY 2010." (Docket No. 1, p. 4.) Plaintiff asked to file a written rebuttal to the evaluation, but his request was denied.

Plaintiff returned to work on November 7, 2011. That day, Plaintiff asked Theresa Ball, his supervisor, for permission to leave work for an upcoming doctor's appointment. Ball incorrectly told Plaintiff that the request had been made too late. The next day, Ball incorrectly accused Plaintiff of using profanity at a settlement conference in June 2011. Ball also told Plaintiff that Grooms would be punished "severe[ly] and substantial[ly]" as a result of the DOL's sexual-harassment investigation. (Docket No. 1, p. 5.)

On May 11, 2012, Ball incorrectly accused Plaintiff of calling other DOL staff members "trailer trash." (Docket No. 1, p. 6.) Ball also claimed that Plaintiff had never told her that his medical condition would interfere with his work, even though Plaintiff had discussed these concerns with Ball and another staff member more than six months earlier.

Later that month, Plaintiff asked Ball if he could move into a different office in the building to accommodate his medical condition. The second office, which was much quieter than Plaintiff's, had recently become vacant after another employee's departure. Ball denied Plaintiff's request. On June 9, 2012, Plaintiff submitted another request for accommodations. Six days later, Ball stood at the door of Plaintiff's office and spoke about Plaintiff's medical condition in front of other employees. Ball denied Plaintiff's request and refused to discuss it further.

On June 21, 2012, Ball incorrectly accused Plaintiff of making insulting comments about other staff members. Ball also stated that she and MSHA counsel had already warned Plaintiff about his behavior. Plaintiff had never received any warnings.

A week later, Ball gave Plaintiff a Proposed Performance Improvement Plan ("PIP"). The PIP did not include any specific instructions for Plaintiff, nor did it outline any expectations for Plaintiff's workplace behavior. Soon after implementing the PIP, Ball began to accuse Plaintiff of taking unauthorized time off from work. Plaintiff strongly disputes this and maintains that he regularly "apprise[d] Ball of his medical appointments and limitations." (Docket No. 1, p. 8.)

On September 24, 2012, Ball suspended Plaintiff for failing to follow supervisory instructions. Ball claimed that Plaintiff had failed to heed his doctor's restrictions when he pulled an office cart with his left hand. Plaintiff points out that his medical condition affects this right hand only, so his doctor put no restrictions on using his left hand.

Plaintiff claims that Ball "continued with a pattern of harassing and discriminating behavior" after his suspension. (Docket No. 1, p. 8.) This included ignoring Plaintiff's e-mails,

refusing to answer Plaintiff's messages, and allowing other employees to see Plaintiff's confidential medical information.

On September 15, 2014, Plaintiff filed his Complaint against Thomas E. Perez, the United States Secretary of Labor. The Complaint included claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–e17; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–94; the FMLA; and the Privacy Act of 1974, 5 U.S.C. § 552a. The first page of the Complaint also states that Plaintiff "brings this cause of action pursuant to . . . the [FLSA]." (Docket No. 1, p. 1.)

On November 14, 2014, Defendant filed a partial motion to dismiss Plaintiff's FMLA and FLSA claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require Plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DirecTV, Inc., v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The court must assume that all of the factual allegations are true, even if they are doubtful. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Legal conclusions are not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 12(b)(1) allows a party to move for dismissal based on a lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When analyzing a 12(b)(1) motion to dismiss, the court presumes it lacks subject-matter jurisdiction until the plaintiff can prove otherwise. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that

a cause lies outside [a court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

## ANALYSIS

### I. FMLA Claim (Count III)

Defendant argues that Plaintiff has failed to show a valid waiver of sovereign immunity for his FMLA claim, giving the Court no subject-matter jurisdiction over the claim. Specifically, Defendant contends that the FMLA does not provide a private right of action for Plaintiff to sue his employer.

The Court agrees. Under the doctrine of sovereign immunity, the United States may not be sued without its consent.[1] United States v. Lee, 106 U.S. 196, 205 (1882) ("[T]he United States cannot be lawfully sued without its consent in any case."); Jackson v. United States, 751 F.3d 712 (6th Cir. 2014). Without a clear waiver of sovereign immunity, a court has no subject-matter jurisdiction to hear a case against a federal official. See United States v. Mitchell, 463 U.S. 206, 212 (1983); Muniz-Muniz v. United States Border Patrol, 741 F.3d 668, 671 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").

The FMLA includes no sovereign-immunity waiver for a federal employee's statutory claims against his employer. Title I of the FMLA sets out the statute's enforcement mechanisms. See 29 U.S.C. § 2617. Most notably, it provides a private right of action against employers: section 2617(a)(2) states that employees may bring "[a]n action to recover . . . damages . . . against any employer" who violates the statute. But Title I applies only to "eligible employees." 29 U.S.C. § 2617(a)(1) (providing that "[a]ny employer . . . shall be liable to any *eligible employee*")

---

[1] Sovereign immunity also applies to any suit against a federal official in his official capacity. Blakely v. U.S., 276 F.3d 853, 864 (6th Cir. 2002).

(emphasis added). The term "eligible employee" is defined to exclude "any Federal officer or employee covered under [Title II of the FMLA]," 29 U.S.C. § 2611(2)(B)(i), which applies to all federal workers "subject to the supervision of" federal officers who are "engaged in the performance of a Federal function under authority of law." 5 U.S.C. § 2105(a)(2)–(3).[2]

Simply put, a Title I employee may sue his employer for FMLA violations, but a Title II employee may not. Since Title II covers most federal employees, courts routinely dismiss federal employees' FMLA claims against government officers for lack of jurisdiction. See, e.g., Burg v. United States Dep't of Health & Human Servs., 387 Fed. App'x 237, 240 (3d Cir. 2010) ("Although Title I of the FMLA expressly provides a private right of action, Title II does not.") (citations omitted); Russell v. United States Dep't of Army, 191 F.3d 1016 (9th Cir. 1999) ("[T]he absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions."); Mann v. Haigh, 120 F.3d 34 (4th Cir. 1997) ("Title II of the FMLA creates neither an express nor an implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions.").

Plaintiff purports to bring his action under Title I of the FMLA. (See Docket No. 1, p. 11.) But Plaintiff is not a Title I employee. As a "paralegal specialist" in the Department of Labor, his superiors were other employees in the Office of the Solicitor. (See Docket No. 1, p. 3.) This fits § 2105(a)'s definition of a federal employee "subject to the supervision" of others who are "engaged in the performance of a Federal function." 5 U.S.C. § 2105(a)(2)–(3). Plaintiff's job—and any FMLA claim he has against Defendant—falls under Title II of the FMLA. See, e.g., Sanders v. Shinseki, 2012 WL 5985469, at *5 (D. Kan. Nov. 29, 2012) (holding that a

---

[2] Through a series of nested definitions, 5 U.S.C. § 2105 defines "employee" for purposes of Title II. Title II states that an "employee" under Title II is "any individual who . . . is an 'employee' as defined in [5 U.S.C. §] 6301(2)." 5 U.S.C. § 6381(1)(A). And 5 U.S.C. § 6301(2)(A) provides that the term "employee" means "an employee as defined by [5 U.S.C. § 2105]."

Veterans Affairs employee was a Title II employee); New-Howard v. Shinseki, 2012 WL 2362546, n. 4 (E.D. Pa. June 21, 2012) (finding that Veterans Affairs employee was a Title II employee); Sutherland v. Bowles, 1995 WL 367937 (E.D. Mich. 1995) (finding that a United States Small Business Administration employee was a Title II employee). As a result, the FMLA provides Plaintiff with no private right of action against Defendant. The Court has no subject-matter jurisdiction over his FMLA claim.

In response, Plaintiff argues that the Tucker Act, 28 U.S.C. § 1346(a)(2), gives the Court subject-matter jurisdiction over his FMLA claim. The Tucker Act waives sovereign immunity when a plaintiff seeks less than $10,000 from the United States. 28 U.S.C. 1346(a)(2). The Act provides that "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims," over these actions. Id. Plaintiff argues that his FMLA claim—which includes "front pay, appropriate [salary] increase, . . . and other nominal expenses that [amount to] under $10,000"—is covered by the Tucker Act. (Docket No. 1, p. 5.)

Not so. The Tucker Act gives the Court "jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). See also, e.g., 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 3657 (3d ed. 1998) ("Under no circumstances, . . . does the Tucker Act confer on the Court of Federal Claims jurisdiction to hear claims against private parties or federal officers."); Roth v. King, 449 F.3d 1272, 1281 (D.C. Cir. 2006) (holding that the Tucker Act gave the district court no jurisdiction over suit against individual federal officials). Plaintiff brought his FMLA claim against one defendant—Thomas E. Perez, a federal official—and does not name the United States as a defendant in the Complaint. For this reason alone, Plaintiff's FMLA claim falls outside the scope of the Tucker Act.

7

Plaintiff has failed to show that the Court has subject-matter jurisdiction over his FMLA claim. The Court will dismiss that claim.

## II. FLSA Claim

Defendant argues that Plaintiff has failed to state a claim for retaliation under the FLSA. In particular, Defendant points out that Plaintiff previously filed a separate FLSA action, and "the parties resolved all [FLSA] claims" in a settlement. (Docket No. 9, p. 7.)

Plaintiff seems to agree. In his response, he contends that he never meant to assert an FLSA claim in his complaint. He notes that he included the FLSA violations simply to show a "pattern of retaliation [that] Plaintiff has suffered" and the "background for such conduct." (Docket No. 14, p. 5.)

The Court will grant Defendant's motion. On the face of the Complaint, it is unclear whether or not Plaintiff aimed to bring an FLSA claim. But under the relevant pleading standard, merely mentioning a claim on the first page of a complaint is not enough to survive a 12(b)(6) motion. See, e.g., Everage v. Ford Motor Co., 2005 WL 11776095, at *4 (May 12, 2005 E.D. Ky.) (granting defendant's 12(b)(6) motion when Plaintiff's complaint merely listed "conclusory fleeting references to . . . legal theories"). To the extent that the Complaint contains an FLSA claim, that claim will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's partial motion to dismiss (Docket No. 8.). An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE