UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| JOHN A. MULVEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THOMAS E. PEREZ, Secretary,<br>Department of Labor,<br><br>　　　　Defendant. | Case No. 3:14-cv-1835<br><br>Chief Judge Sharp<br>Magistrate Judge Newbern |

The parties appeared before the Court on September 22, 2016, for a hearing on their Joint Motion to Resolve Discovery Disputes (Doc. No. 64) in this employment discrimination action, which the Court will construe as Plaintiff John Mulvey's motion to compel discovery. For the following reasons, Plaintiff Mulvey's motion is **GRANTED**.

## Background

In the underlying action, Mulvey brings claims arising out of his tenure as a paralegal specialist with the Department of Labor under Title VII of the Civil Rights Act of 1964 for retaliation; the Rehabilitation Act of 1973 for disability discrimination, harassment, hostile work environment, and retaliation; and the Privacy Act of 1947.[1] (Doc. No. 1.) The documents Mulvey now requests concern disciplinary actions taken against and complaints made by other Department of Labor employees during Mulvey's employment.

Under the parties' Agreed Revised Case Management Order, discovery was set to close on August 19, 2016. (Doc. No. 57.) On August 17, 2016, Mulvey filed a Motion for Leave to

---

[1] Mulvey's claims under the Family and Medical Leave Act and the Fair Labor Standards Act were dismissed. (Doc. No. 47.)

Serve Additional Interrogatories requesting documents referenced in depositions that had not been otherwise made available. (Doc. No. 58.) The Government did not oppose that motion, and it was granted. (Doc. No. 63.) The current dispute concerns documents requested in that discovery.

## Legal Standard

The scope of discovery is "within the sound discretion of the trial court[.]" *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). As a general matter, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). A party may move for an order compelling discovery under Rule 37(a) after "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); Local Rule 37.01(a). A motion to compel is authorized where a party "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" arising from the disclosure of otherwise discoverable material. Fed. R. Civ. P. 26(c).

## Discussion

The discovery Mulvey seeks to compel falls into three categories: (1) documents arising out of the investigation of sexual harassment allegations against Department of Labor attorney Tom Grooms; (2) documents concerning any employment-related complaints made by former paralegal specialist Coretta McDonald Johnson and Johnson's transfer from the Department's Nashville office to its Atlanta office; and (3) clarification of entries made in the Government's privilege log.

### A. Grooms Sexual Harassment Investigation

Grooms and Mulvey worked in the same office at the Department of Labor—Grooms as an attorney and Mulvey as a paralegal specialist. (Doc. No. 1.) During Mulvey's employment, Grooms was investigated for sexual harassment. Mulvey provided a statement as part of that investigation. (*Id.*) Mulvey alleges that statement is an act of protected conduct underlying his retaliation claims. (*Id.*)

Mulvey seeks to compel responses to the following requests for production of documents:

2. Produce all reports, findings or conclusions regarding the investigation into allegations of sexual harassment against Tom Grooms.

3. Produce any and all performance evaluations for Tom Grooms for the years 2009 through the present.

4. Produce any written statements made by Stanley E. Keen regarding the Tom Grooms sexual harassment investigation.

The Government did not agree to Mulvey's requests on the stated reason that "the request is overly broad and unduly burdensome" and, with regard to requests numbers three and four, not relevant to Mulvey's claims. (Doc. No. 64-1, PageID# 243–44.) At the discovery hearing, the Government made no argument regarding the burden of producing the requested materials. Rather, it objected to production primarily on grounds that the requests were not for relevant information and were made only to harass or embarrass Grooms and others involved in the investigation. Specifically, the Government argued that production was not necessary first, because it had stipulated that Mulvey testified in the subject investigation and second, because the differences in the levels of Grooms's and Mulvey's positions made Grooms an improper comparator for proving Mulvey's claims.

In support of his motion to compel, Mulvey argues that the allegations against Grooms "are a critical component of [his] claims in that his testimony in that matter is the basis for and

an element of his claim for retaliation." (*Id*. at 243.) Mulvey also notes that he and Grooms were both supervised by, evaluated by, and received discipline from the same supervisors—Teresa Ball and Stanley Keen. (*Id*. at 243–244.) Mulvey further argues that this discovery is necessary because, although Grooms and Keen testified to the requested report and written statements in depositions, faded memories kept them from doing so with much specificity. (*Id*.)

This is enough to require production of the requested documents. First, the centrality of the Grooms investigation to Mulvey's retaliation claims alone clears the relatively low relevance threshold of discovery. Fed. R. Civ. P. 26(b)(1). Second, Mulvey has shown enough similarity between the relevant aspects of Mulvey's and Grooms's employment to support further investigation into whether or not Grooms is a valid comparator. A comparable employee "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). Grooms and Mulvey were supervised by the same people in the same office. Mulvey's counsel argues that Grooms was described by a coworker as frequently yelling in the office, conduct for which Mulvey claims he was unfairly disciplined. Mulvey's request for these reports and evaluations that discuss Grooms's conduct is thus reasonably calculated to lead to the discovery of admissible evidence regarding the comparability of Mulvey's and Grooms's employment.

Finally, to the extent discoverable materials might be embarrassing to Grooms or others, Mulvey has agreed to accept this discovery under the terms of the protective order entered in this case. (Doc. No. 23.) This will restrict its disclosure to Mulvey and his counsel. (*Id*. at 2.) The

Court finds this added condition sufficient to allay any lingering concerns about the discovery of this material.[2]

Accordingly, the Government is **ORDERED** to provide the following discovery within seven days of the date of this order:

a) The final report or any documents evidencing findings and conclusions of the investigation of Tom Grooms for sexual harassment;

b) Performance evaluations for Tom Grooms from 2009–2013;

c) Any written statements made by Stanley E. Keen regarding the Grooms sexual harassment investigation.

It is further **ORDERED** that production of these documents be governed by the protective order entered in this case.

### B. Coretta McDonald Johnson Documents

Ms. McDonald Johnson worked as a paralegal specialist in the Nashville office of the Department of Labor and was transferred to its Atlanta office. (Doc. No. 64-1, PageID# 244–245.) Mulvey states that it appears "from deposition testimony that [McDonald Johnson] alleged some type of violation against the solicitor's office relating to her employment." (*Id*.) Mulvey requests the following documents related to McDonald Johnson's employment between 2010 and 2013:

5(a) Any and all employee grievances, informal complaints and formal complaints of any kind against any Department of Labor Management Official, Deputy Solicitor, former Deputy Solicitor or any supervisor in the Nashville or Atlanta office between the time period referenced above;

---

[2] At argument, the Government asked that the protective order be enhanced to limit disclosure of these documents only to Mulvey's attorney and not Mulvey himself. The Court finds no basis to so hinder Mulvey's ability to consult with his attorney and vice versa. If Mulvey violates the terms of the protective order or otherwise abuses disclosure of this information, the Government may seek a proper sanction.

> 5(b) All EEO affidavits submitted by Coretta McDonald Johnson, Stanley E. Keen, Theresa Ball, Thomas A. Grooms, and Patricia Craft in any grievance, informal complaint or formal complaint of discrimination, harassment, hostile work environment or disability discrimination filed with the Department of Labor by Coretta McDonald Johnson or any of her agents or representatives, including "The Vaughn Law Firm," Atlanta, Georgia;
>
> 5(c) A copy of Coretta McDonald's Official United States Department of Labor Transfer Orders from the Nashville Solicitor's office to the Atlanta Regional Solicitor's office.

The Government objects that Mulvey's request is "overly broad and unduly burdensome and not relevant to resolving the issues in this case." (Doc. 64-1, PageID# 245.) Mulvey responds that these documents are relevant because McDonald Johnson and Mulvey held the same position in the Nashville office and had the same supervisors, and because McDonald Johnson alleged a legal violation during her employment. (*Id*.) Again, information gleaned from these requests may not be sufficient to establish McDonald Johnson as a comparator or to prove Mulvey's case. However, the similarities in employment between Mulvey and McDonald Johnson are sufficient to establish the relevance of Mulvey's request and justify this limited discovery.

Accordingly, the Government is **ORDERED** to provide the requested discovery regarding McDonald Johnson's employment within seven days of the date of this order. If the Government determines that any of the requested documents do not exist, it shall so stipulate.

### C. Privilege Log

Finally, Mulvey asks for clarification of several entries in the Government's privilege log. The parties reached agreement at oral argument regarding this issue. Reflecting that agreement, it is ORDERED that, with regard to the entries marked KEEN 6423-6971 and KEEN 6972-7184, the Government will provide the names of the individual recipients of the subject emails. With regard to entry HICKS 656-657, the Government will describe the subject of the

email now identified as "Document 3." Finally, Mulvey will withdraw his requests for further specificity as to the dates of the documents contained in entries HICKS 876-884 and BALL 3344-3355.

It is so **ORDERED**.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge