UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN A. MULVEY,

    Plaintiff,

vs.

THOMAS E. PEREZ,

    Defendant.

_____/

Civil Action No. 3:14-cv-01835

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is presently before the Court on plaintiff's motion for partial summary judgment [docket entry 59]. Defendant has filed a response in opposition and plaintiff has filed a reply. As the issues have been fully briefed, the Court shall decide the motion without a hearing.

This is an employment discrimination action. Plaintiff, a former employee of the Department of Labor ("DOL"), alleges that he was subjected to discrimination and a hostile work environment because of his disability, denied medical leave, and retaliated against, in violation of his rights under Title VII, the Rehabilitation Act, the Family and Medical Leave Act, and the Fair Labor Standards Act. Plaintiff also asserts a claim under the Privacy Act, based on the alleged disclosure of plaintiff's medical information by one Labor Department employee to another. In the instant motion, plaintiff seeks summary judgment on his Privacy Act claim.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there

be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

> Plaintiff's Privacy Act claim is based on the following allegation:
>
> 47. On September 20, 2012, Defendant through its agent, Theresa Ball, violated the Privacy Act of 1973 and DLMS - 5 Chapter 200, by knowingly and willfully disclosing Plaintiff's confidential medical information, to include a list of Plaintiff's confidential prescription medicines, to a non-management employee, the SOL Time Keeper, who did not have legal authority, or a need to know, and without the consent of Plaintiff.
>
> \* \* \*
>
> 51. Plaintiff alleges that such was an intentional violation of the Act made by a high ranking attorney within the Department of Labor who should have known of the Department's own policies, rules and regulations.

Compl. ¶¶ 47, 51. In his motion for partial summary judgment, plaintiff states that on September 20, 2012, he sent an email to Theresa Ball, the DOL Associate Regional Solicitor, asking for advice as to how he could take a medical leave of absence.[1] In this email, plaintiff stated that his physician

---

[1] A copy of this email, and Ball's response, is attached as an exhibit to Ball's declaration [docket entry 69].

had changed one of his medications, and he named the old and new medications. Ball responded as follows, copying the "timekeeper," Naomi Adams, on the response:

> Please send Joyce Adams, our timekeeper, your list of leave, by day and type, claimed this pay period on a Form 71 . She will attempt to determine your estimated leave status. In the future, please send the timekeeper a copy of all leave requests and, as I have reminded you in the past, they should be in the form of a Form 71 and in advance. Make sure it is clear for each day what type of leave you are requesting. Include any leave you are requesting for today. As you know these forms are available on line and you have made use of the on line forms in the past.

Ball's response included plaintiff's email, thereby disclosing the medication names, and the condition for which they had been prescribed, to Adams.

The elements of plaintiff's Privacy Act claim are that "(1) information in the form of a record contained in a system of records; (2) was disclosed by a federal agency; (3) willfully or intentionally; and (4) the disclosure had an adverse impact on the plaintiff." *Whyde v. Rockwell Int'l Corp.*, 101 F. App'x 997, 999 (6th Cir. 2004) (citation and internal quotation marks omitted). Regarding the level of intent required, the Sixth Circuit has stated:

> To recover damages, the plaintiff must show that the agency acted "intentionally" or "willfully," which is a standard "somewhat greater than gross negligence." *White v. Office of Personnel Management*, 840 F.2d 85, 87 (D.C.Cir.1988) (per curiam) (quotations and citation omitted); *see Rose v. United States*, 905 F.2d 1257, 1260 (9th Cir.1990). An agency acts intentionally or willfully "either by committing the act without grounds for believing it to be lawful, or flagrantly disregarding others' rights under the [Privacy] Act." *Wilborn v. Department of Health & Human Servs.*, 49 F.3d 597, 602 (9th Cir.1995) (quotations and citation omitted); *see Andrews v. Veterans Admin.*, 838 F.2d 418, 425 (10th Cir.), *cert. denied*, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 35 (1988).

*Mount v. U.S. Postal Serv.*, 79 F.3d 531, 533 (6th Cir. 1996). In determining whether the disclosure

in question was made willfully or intentionally, "a court may consider the entire course of conduct that resulted in the disclosure." *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 551 (6th Cir. 2010). Further, disclosure is permitted to agency employees "who have a need for the record in the performance of their duties." 5 U.S.C. § 552a(b)(1).

Plaintiff has failed to show his entitlement to summary judgment on this claim. First, plaintiff has not shown that Hall's email was "contained in a system of records," as required by the first element of a Privacy Act claim under *Whyde*, *supra*. A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). In the present case, plaintiff alleges that the email in question was under Hall's control, not "under the control of any agency" – here, DOL. One court has specifically held that "office emails" are not part of a "system of records" for Privacy Act purposes. *Cloonan v. Holder*, 768 F. Supp. 2d 154, 164 (D.D.C. 2011). Moreover, plaintiff has not shown that Hall "retrieved" the email in question from any system of records, but only that she responded to plaintiff's email and copied another person.

Even if plaintiff could surmount these obstacles, he has not shown that Hall acted with the requisite willfulness or intent. Hall avers that plaintiff had on at least fourteen occasions during the year preceding September 20, 2012, sent emails directly to Adams in which he requested leave based on his various medical conditions, and that in those emails he often provided her with detailed information about those conditions and related procedures and appointments. *See* Ball Decl., Ex. B. As plaintiff had previously provided such confidential medical information to Adams in connection with leave requests, plaintiff can hardly fault Hall for forwarding his September 20,

4

2012, email to Adams, which contained similar information in connection with a request for assistance in seeking medical leave. Nor, finally, has plaintiff shown that Adams did not have a legitimate need for the medical information, given that he was seeking additional leave for medical reasons, after, according to his email inquiry, he had exhausted all available leave.

For these reasons, the Court concludes that plaintiff has not demonstrated his entitlement to summary judgment on his Privacy Act claim. Accordingly,

IT IS ORDERED that plaintiff's motion for partial summary judgment is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: April 18, 2017
Detroit, Michigan